IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PRIME HEALTHCARE SERVICES – SHASTA, LLC,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>SIERRA PACIFIC INDUSTRIES,<br><br>　　　　Defendant.<br>_____/ | No. 2:15-CV-2007-CMK<br><br><br><br><br>ORDER |

  Plaintiff, which is proceeding with retained counsel, brings this civil action. Pursuant to the written consent of all parties, this case is before the undersigned as the presiding judge for all purposes, including entry of final judgment. See 28 U.S.C. § 636(c).

  Plaintiff originally filed this action in the Shasta County Superior Court alleging two state common law claims: quantum meruit and money due. Defendant removed the action to this court invoking the court's federal question subject matter jurisdiction. According to defendant, plaintiff's state common law claims are completely preempted under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, et seq.

///

1          Pending before the court are: (1) plaintiff's motion to remand (Doc. 15); and (2)
2  defendant's motion to dismiss (Doc. 11).  The parties appeared before the undersigned in
3  Redding, California, on February 3, 2016.  Oliver Tomas, Esq., appeared for plaintiff.  Ronald S.
4  Kravitz, Esq., appeared for defendant.  After hearing oral arguments, the matters were submitted.
5          The central issue common to both motions is whether ERISA completely
6  preempts plaintiff's state common law claims.  If so, then this court has subject matter
7  jurisdiction and can consider whether, as argued in defendant's motion to dismiss, plaintiff states
8  a claim under ERISA upon which relief can be granted.  If not, as argued in plaintiff's motion to
9  remand, this court lacks subject matter jurisdiction and should remand the matter back to state
10 court.

## I.  PLAINTIFF'S ALLEGATIONS

13         Plaintiff operates Shasta Regional Medical Center ("SRMC") in Redding,
14 California, and provides emergency medical services.  According to plaintiff, defendant is a
15 corporation based in Redding which sponsors a self-insured health benefits plan for its enrollees.
16 Plaintiff admits that it did not have any written contract with defendant.  Plaintiff asserts that it
17 provided emergency medical services to defendant's enrollees between November 4, 2008, and
18 March 28, 2015.  Plaintiff adds that, during this time period, defendant "implicitly requested"
19 such services "[b]y virtue of [defendant's] obligations, statutory or otherwise."  Plaintiff claims
20 that defendant has an obligation to reimburse plaintiff the reasonable and customary value of
21 emergency medical services provided to enrollees but has failed to fully do so.
22 / / /
23 / / /
24 / / /
25 / / /
26 / / /

## II. DISCUSSION

In its motion to dismiss, defendant argues that this court has subject matter jurisdiction because plaintiff's state law claims are completely preempted by ERISA, but that the complaint fails to state a claim upon which relief can be granted under ERISA. In its motion to remand, plaintiff argues that removal was improper because its claims are not completely preempted and, as such, this court lacks subject matter jurisdiction. Thus, because it goes to the court's jurisdiction to even entertain the case, the primary question is whether ERISA completely preempts plaintiff's state law claims such that removal was improper.

When the plaintiff moves to remand, the burden is on the defendant to show that removal was proper, see Gaus v. Miles, Ins., 980 F.2d 564 (9th Cir. 1992), and any questions should be resolved in favor of remand, see Matheson v. Progressive Specialty Ins. Co., 319 F.3d 1089 (9th Cir. 2003). If the removal was improper, the district court lacks subject matter jurisdiction and the action should be remanded. See Toumajian v. Frailey, 135 F.3d 648 (9th Cir. 1998).

Generally, under the "well-pleaded complaint rule," a federal question is raised only when it is presented on the face of the plaintiff's properly pleaded complaint. See California v. United States, 215 F.3d 1005, 1014 (9th Cir. 2000). In some cases, however, Congress may "so completely preempt a particular area that any civil complaint raising this select group of claims is necessarily federal in character." Metro. Life Ins. Co. v. Taylor, 481 U.S. 58, 63-64 (1987). In such cases, removal is appropriate even if the complaint presents only state law claims. See Toumajian, 135 F.3d at 653.

Under ERISA, as a threshold requirement for complete preemption the claim must fall within the scope of ERISA's civil enforcement scheme set forth in 29 U.S.C. § 1132(a). See id. at 654. In Aetna Health Inc. v. Davila, 542 U.S. 200 (2004), the Supreme Court outlined a two-prong test for determining whether a claim falls within the scope of § 1132(a). The following two requirement must both be met: (1) the plaintiff, at some point in time, could have

brought the claim under ERISA's civil enforcement scheme; and (2) there is no other independent legal duty implicated by the defendant's alleged conduct. See id. at 210.

Under § 1132(a), "ERISA, by its express terms, limits the causes of action that are available under the statute, as well as by whom and against whom they may be brought." Toumajian, 135 F.3d at 654. Civil enforcement rights are granted only to a plan participant, a beneficiary, a fiduciary, an employer, a State, or the Secretary of Labor. See Harris v. Provident Life & Accident Inc. Co., 26 F.3d 930 (9th Cir. 1994); see also 29 U.S.C. § 1132(a)(1)-(10). According to plaintiff, it is not a participant, beneficiary, or fiduciary with respect to defendant's ERISA plan and, therefore, does not have express civil enforcement rights under § 1132(a). This point is essentially undisputed.

In any event, third-party medical providers like plaintiff may bring a claim under § 1132(a) if the provider is suing as an assignee of a beneficiary's rights to the benefits under an ERISA plan. See Blue Cross of Cal. v. Anesthesia Care Assocs. Med. Group, Inc., 187 F.3d 1045 (9th Cir. 1999). Plaintiff argues that it cannot be considered an assignee such that it would fall within the scope of ERISA's enforcement scheme because no such assignment is alleged in the complaint. In response, defendant asserts that the lack of a specific allegation of an assignment is irrelevant because extrinsic evidence demonstrates such an assignment.

Because plaintiff's motion to remand challenges the basis of the court's subject matter jurisdiction, the court may consider extrinsic evidence. See McCarthy v. United States, 850 F.2d 558 (9th Cir. 1988). According to defendant:

> . . .[T]he allegations of the Complaint combined with the extrinsic evidence submitted by Plaintiff's counsel [in support of plaintiff's motion to remand] evidence some form of an assignment or authorization of payment from the Plan to Plaintiff. See Tomas Decl. (Doc. 15-2), ¶¶ 2, 3. Moreover, Plaintiff has represented to the claims administrator and the Plan that it had received an assignment of the claims and/or the right to act on behalf of the enrollees to appeal to the Plan's Administrative Review Committee the denial fo benefit claims. Carter Decl., ¶¶ 5-6. The Explanation of Benefits forms relating to the claims of the enrollees were sent directly to Plaintiff with instructions on how to obtain the Plan documents and the Plan's internal guidelines as well as how to appeal the

> benefits determination in accordance with the terms of the Plan. *Id.* at ¶ 8. Extrinsic evidence also shows that Plaintiff then submitted appeals on behalf of the Plan's enrollees. *Id.* at. ¶ 9. Plaintiff's actions would be possible only if it had received an assignment of benefits or authorization to proceed on behalf of the enrollees. . . .

Citing Spinedex Physical Therapy USA Inc. v. United Healthcare of Ariz., Inc., 770 F.3d 1282 (9th Cir. 2014), defendant concludes that third-party providers such as plaintiff with an assignment of benefits from plan enrollees can bring claims pursuant to § 1132(a).

        Contrary to defendant's argument, the extrinsic evidence referenced in the Tomas and Carter declarations does not appear to necessarily show an assignment such that the court could be satisfied that plaintiff could have brought its claims consistent with ERISA's civil enforcement scheme.  As the Ninth Circuit recognized in Blue Cross, there is a distinction between the right to payment, which would depend on an enrollee's assignment to a provider, and the level of payment, which would not.  See 187 F.3d at 1051.  In this case, plaintiff's complaint alleges that defendant failed to fully pay claims.  Given this allegation, plaintiff's claims relate more closely to the level of payment and do not depend logically on an assignment.

        On the current record, defendant has not met its burden in supporting removal by showing that plaintiff could have brought its claims as an assignee.  For this reason alone, plaintiff's motion to remand should be granted.

        Assuming, however, that plaintiff could have brought an action under ERISA's enforcement scheme, the second question under Aetna Health is whether there any other independent legal duty is implicated by defendant's alleged conduct.  If there is an independent legal duty alleged in the complaint, plaintiff's claims would not be completely preempted and removal would be improper, requiring remand.  See 542 U.S. at 210.

        Turning first to the face of the complaint, plaintiff clearly alleges that defendant has obligations arising under state contract law.  Plaintiff alleges that defendant "implicitly requested" medical services for its enrolles, that defendant's obligations are "statutory or otherwise," and that plaintiff is entitled to the value of medical services provided to enrollees.

Based on these allegations, plaintiff claims entitlement to relief under two common law contract theories – quantum meruit and money due. Thus, from the face of the complaint, plaintiff is pleading a state common law contract claim.

Plaintiff has set forth in its moving papers a number of various specific legal theories under which it may be able to establish the existence of contractual obligations. For example, plaintiff argues that defendant's duties are implied by operation of California Health & Safety Code § 1317, which requires hospitals to provide emergency medical services regardless of insurance status or ability to pay. Plaintiff also argues in its motion to remand that contractual obligations may have arisen due to alleged misrepresentations, though plaintiff does not elaborate.

Defendant argues in opposition that none of plaintiff's various legal theories has merit. While defendant's argument may be persuasive, the court is bound by the allegations in the complaint, which clearly set forth a state law contract theory. Further, whether plaintiff can actually establish the existence of a contractual obligation on the part of defendant is a question to be decided in the state court. The question before this court under Aetna Health is whether there is a legal theory independent of ERISA upon which plaintiff can proceed, not whether plaintiff is likely to succeed under that theory.

This court has remanded similar cases. In Doctors Hospital of Manteca, Inc. v. United Agricultural Benefit Trust, 2:06-CV-1936-WBS-DAD, Judge Shubb concluded that removal was improper because the plaintiff's claims were not completely preempted. In particular, Judge Shubb held that there had been no assignment and that, for this reason, the plaintiff – a third-party healthcare provider – could not have brought the action under ERISA's enforcement scheme. In Doctors Medical Center of Modesto, Inc. v. Principal Mutual Life Insurance Company, 2:08-CV-1496-WBS-EFB, Judge Shubb reached the same conclusion.

/ / /

/ / /

Lodi Memorial Hospital Association v. Tiger Lines, LLC, 2:15-CV-0319-MCE-KJN, is also instructive.  In that case, Judge England denied the plaintiff's motion to remand, concluding that extrinsic evidence showed that the plaintiff was proceeding as an assignee. Notably, Judge England considered evidence which "indicated that it [the plaintiff] had received an assignment of benefits from the patient" as well as the allegation in the plaintiff's complaint that the ERISA plan was billed directly.  Similarly, in Hackert v. Cigna Health and Life Insurance Co., 2:15-CV-1248-KJM-CKD, Judge Delaney recommended, and Judge Mueller agreed, that the plaintiff's motion to remand be denied because extrinsic evidence indicated an assignment.

### III.  CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to remand (Doc. 15) is granted;
2. Defendant's motion to dismiss (Doc. 11) is denied; and
3. This action is remanded to the Superior Court of the State of California, for the County of Shasta.

DATED: February 24, 2016

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE